FILED
JANUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 50013

JUDGE REINHARD
MAGISTRATE JUDGE MAHONEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Eileen R. Podkulski, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| Sara Lee Corporation and Sara Lee Corporation | ) | |
| Employee Benefit Administrative Committee, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Eileen Podkulski, by and through her attorney, James T. Harrison, and complaining of the Defendants, Sara Lee Corporation and Sara Lee Corporation Employee Benefit Administrative Committee, states and alleges as follows:

### JURISDICTION

1.  This Complaint contains four counts which arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. The Court has original jurisdiction over all counts of the Complaint pursuant to 28 U.S.C. 1331, federal question jurisdiction. The Court also has jurisdiction over Count Four pursuant to the Declaratory Judgment Act 28 U.S.C. §2201.

### VENUE

2.  Venue for Plaintiffs' Complaint is proper in the United States District Court for the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. 1391(b).

### PARTIES

3.  At all times relevant hereto, Plaintiff, Eileen Podkulski ("Podkulski") was an adult citizen of the United States and a resident of the City of Algonquin, County of McHenry, State of Illinois.

4.     At all times relevant hereto, the Defendant Sara Lee Corporation ("Sara Lee") was a foreign business corporation organized under the laws of the State of Maryland and doing business within the state of Illinois.

## FACTS

5.     At all times relevant hereto, the Defendant Sara Lee Corporation was an "employer" within the meaning of 29 U.S.C. §1002(5), and employed the Plaintiff Podkulski.

6.     At all times relevant hereto, Podkulski was an employee of the Defendant Sara Lee Corporation who had been on long-term disability status since July 20, 1998.

7.     At all times relevant hereto, Defendant Sara Lee provided an employee welfare benefit plan to its employees, including Podkulski, consisting of, *inter alia,* the provision of health insurance benefits.

8.     At all times relevant hereto, Podkulski was a participant in the health insurance benefits provided to employees of the Defendant Sara Lee Corporation.

9.     At all times relevant hereto, Podkulski was entitled to benefits under the Defendant Sara Lee Corporation's employee welfare benefit plan.

10.    At all times relevant hereto, the Defendant Sara Lee Corporation, through its Employee Benefits Administrative Committee, was the plan sponsor of the employee welfare benefit plan provided to its employees, including Podkulski.

11.    At all times relevant hereto, the Defendant Sara Lee Corporation, through its Employee Benefits Administrative Committee, was the administrator of the employee welfare benefit plan provided to its employees, including Podkulski.

12.    At all times relevant hereto, the Defendant Sara Lee Corporation's ~ Employee Benefits Administrative Committee ~ was acting directly as the Defendant Sara Lee Corporation or indirectly in the interest of the Defendant Sara Lee Corporation, in relation to the employee welfare benefit plan provided to Sara Lee Corporation's employees, including Podkulski.

13.    On or about 1984, Plaintiff became employed by the Defendant Sara Lee Corporation; as a benefit appurtenant to her employment, Plaintiff was eligible to participate and did participate in an employee welfare benefit plan (health insurance) provided by Sara Lee to its employees.

14.    Sara Lee's policies and its employee welfare benefit plan provided that health insurance benefits would continue while an employee was disabled.

15.    On or about July of 1998, Plaintiff Podkulski became disabled and was subsequently placed on long-term disability status by Sara Lee.

16.     At the time Podkulski became disabled, she was actively enrolled as a participant in Sara Lee's health insurance plan.

17.     Podkuslki continued to participate in and to receive benefits under the plan until January of 2003.

18.     On January 1, 2003, Podkulski's health insurance coverage was terminated by Sara Lee.

19.     Podkulski appealed the decision to terminate her health insurance benefits to the Sara Lee Appeals Committee.

20.     In October of 2004, the Sara Lee Appeals Committee reinstated Podkulski's health insurance coverage under Sara Lee's group health insurance plan and represented to Podkulski that her reinstated coverage would continue until Podkulski reached age sixty-five.

21.     On or about December 31, 2006, Podkulski's health insurance benefits under Sara Lee's employee welfare benefit plan were terminated by Sara Lee without notice to Podkulski.

22.     In January of 2007, Podkulski was notified by Sara Lee that that there had been a change in policy for employees on long-term disability and that all long-term disability employees were being transferred to Ceridian, a COBRA continuation service, which would collect the premiums for employees on long-term disability.

23.     Employees on long-term disability, including Podkulski, were required to meet COBRA eligibility requirements.

24.     Similarly situated non-disabled individuals enrolled in the plan were subjected to different and more favorable rules for eligibility than Podkulski;

25.     Beginning in January 2007, following her transfer to the C.O.B.R.A. continuation service, Podkulski experienced a lapse in coverage, delay in the receipt of benefits, and/or otherwise experienced a diminution in benefits.

26.     Upon information and belief, similarly situated non-disabled individuals enrolled in the plan were subject to different and more favorable benefits than Podkulski.

27.     In February of 2007, Sara Lee, through CobraServ National Service Center, notified Podkulski that the qualifying event of "Lay Off" had occurred with regard to her employment, that her health insurance benefits had terminated on December 31, 2006, and that in order for Podkulski to be eligible for continued benefits she had until April 6, 2007 to elect coverage under COBRA.

28.     Thereafter, Sara Lee informed Podkulski that the qualifying event of "Lay Off" was predicated upon the fact that Podkulski is on long-term disability.

## COUNT I
## VIOLATION OF ERISA, 29 U.S.C. § 1182

29-56.   Podkulski repeats and realleges paragraphs 1-28 of Plaintiff's Complaint as paragraphs 29 through 56 of Count I herein.

57.   Sara Lee's employee health insurance plan is a group health plan within the meaning of 29 U.S.C. §1182.

58.   29 U.S.C. §1182(a)(1)(H) provides that a group health plan and a health insurance issuer offering group health insurance coverage in connection with a group health plan, may not establish rules for eligibility (including continued eligibility) of any individual to enroll under the terms of the plan based on … disability.

59.   On or about December 31, 2006, the Defendant Sara Lee established rules, based on disability, for the eligibility of its employees on long-term disability, including Podkulski, to enroll under the terms of Sara Lee's group health insurance plan.

60.   Sara Lees conduct is in violation of 29 U.S.C. § 1182(a)(1)(H).

61.   As a direct and proximate result of the Defendant Sara Lee's violation of 29 U.S.C. §1182, Plaintiff has been caused to suffer damages of a personal and pecuniary nature.

62.   As a direct and proximate result of the Defendant Sara Lee's violation of 29 U.S.C. §1182, the Defendant is liable to Plaintiff for civil damages and other relief.

   WHEREFORE, Plaintiff Eileen Podkulski prays this Honorable Court grant judgment in her favor and against the Defendant, Sara Lee Corporation, as follows:

   (a)   Finding that the Defendant violated 29 U.S.C. §1182 by establishing rules of eligibility for Podkulski to enroll under the terms of the group health plan based upon disability;

   (b)   Granting Plaintiff compensatory damages, and in an amount in excess of $50,000.00;

   (c)   Awarding Plaintiff her reasonable attorneys fees and costs pursuant to 29 U.S.C. §1132(g)(1);

   (d)   Awarding Plaintiff such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II

## VIOLATION OF 29 U.S.C. § 1024(b)(4)
## AGAINST SARA LEE

63-90. Podkulski repeats and realleges paragraphs 1-28 of Plaintiff's Complaint as paragraphs 63 through 90 of Count II herein.

91. 29 U.S.C. § 1021(a)(1) provides in relevant part that:

> "The administrator of each employee benefit plan shall cause to be furnished in accordance with section 1024(b) of this title to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan – (1) a summary plan description described in section 1022(a)(1) of this title …"

92. 29 U.S.C. § 1024(b)(4) provides in relevant part as follows:

> "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, . . .or other instruments under which the plan is established or operated."

93. On January 17, 2007, pursuant to 29 U.S.C. §1024(b)(4), Podkulski made a written request to Sara Lee for a copy of the latest updated summary plan description and for any other instruments under which the plan was established or operated, including original plan documents.

94. Sara Lee did not respond to Podkulski's request for a summary plan description and did not furnish a copy of the latest updated summary plan description or any other information to Podkulski.

95. As a direct and proximate result of Sara Lee's conduct, Plaintiff has suffered damages of a personal and pecuniary nature.

96. Sara Lee's failure to provide Podkulski with the requested information constitutes a violation of 29 U.S.C. §1024(b)(4), and the Defendant Sara Lee is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights under E.R.I.S.A.

WHEREFORE, Plaintiff Eileen Podkulski prays this Honorable Court grant judgment in her favor and against the Defendant Sara Lee Corporation, and to enter its Order as follows:

a) For Sara Lee to produce to Plaintiff a copy of the latest updated summary plan description and any other instruments under which the plan is established or operated, including original plan documents, pursuant to ERISA, 29 U.S.C. § 1024(b)(4);

b)  Imposing statutory damages against the Defendant Sara Lee pursuant to 29 U.S.C. § 1132(c)(1), in the amount of $100.00 per day of violation, from January 19, 2007, the date of the Defendant's failure to provide the requested documents, through the date of judgment;

c)  Awarding Podkulski her reasonable attorney's fee and the costs incurred in the instant action pursuant to 29 U.S.C. § 1132(g)(1);

d)  Granting such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF 29 U.S.C. § 1024(b)(4)
## AGAINST SARA LEE

97-125.  Podkulski repeats and realleges paragraphs 1-28 of Plaintiff's Complaint as paragraphs 97 through 125 of Count III herein.

126.  29 U.S.C. § 1021(a)(1) provides in relevant part that:

> "The administrator of each employee benefit plan shall cause to be furnished in accordance with section 1024(b) of this title to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan – (1) a summary plan description described in section 1022(a)(1) of this title …"

127.  29 U.S.C. § 1024(b)(4) provides in relevant part as follows:

> "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, . . .or other instruments under which the plan is established or operated."

128.  On May 11, 2007, pursuant to 29 U.S.C. §1024(b)(4), Podkulski made a written request to Sara Lee for a copy of the latest updated summary plan description and for any other instruments under which the plan was established or operated, including original plan documents.

129.  Sara Lee did not respond to Podkulski's request for a summary plan description and did not furnish a copy of the latest updated summary plan description or any other information to Podkulski.

130.  As a direct and proximate result of Sara Lee's conduct, Plaintiff has suffered damages of a personal and pecuniary nature.

131.     Sara Lee's failure to provide Podkulski with the requested information constitutes a violation of 29 U.S.C. §1024(b)(4), and the Defendant Sara Lee is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights under E.R.I.S.A.

WHEREFORE, Plaintiff Eileen Podkulski prays this Honorable Court grant judgment in her favor and against the Defendant Sara Lee Corporation, and to enter its Order as follows:

a)     For Sara Lee to produce to Plaintiff a copy of the latest updated summary plan description and any other instruments under which the plan is established or operated, including original plan documents, pursuant to ERISA, 29 U.S.C. § 1024(b)(4);

b)     Imposing statutory damages against the Defendant Sara Lee pursuant to 29 U.S.C. § 1132(c)(1), in the amount of $100.00 per day of violation, from May 15, 2007, the date of the Defendant's failure to provide the requested documents, through the date of judgment;

c)     Awarding Podkulski her reasonable attorney's fee and the costs incurred in the instant action pursuant to 29 U.S.C. § 1132(g)(1);

d)     Granting such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV
## DECLARATORY JUDGMENT 29 U.S.C. § 1024(b)(4)
## AGAINST SARA LEE

132-159.     Podkulski repeats and realleges paragraphs 1-28 of Plaintiff's Complaint as paragraphs 132 through 159 of Count IV herein.

160.     28 U.S.C. §2201 allows this Court to declare the rights and other legal relations of any interested party seeking declaration.

161.     29 U.S.C. §1132 provides that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

162.     Defendant's "lay off" of the Plaintiff because of her disability status, and the subsequent transfer to Ceridian, a COBRA continuation service, has left Plaintiff unsure what her rights are to future benefits under the plan.

163.    Defendant's failure to furnish the Plaintiff an updated summary plan description upon Plaintiff's written request has left Plaintiff unsure what her rights are to current benefits under the plan.

164.    The acts and/or omissions of the Defendant Sara Lee Corporation has caused an actual controversy to exist between the parties concerning the benefits due to Podkulski under the terms of the plan and Podkulski's rights to future benefits under the plan.

165.    A declaratory judgment is necessary to determine the benefits due to Podkulski under the terms of the plan and Podkulski's rights to future benefits under the terms of the plan.

WHEREFORE, Plaintiff Eileen Podkulski prays this Honorable Court grant judgment in her favor and against the Defendant Sara Lee Corporation, and to enter its Order:

a)    Declaring the benefits due to Podkulski under the terms of the plan;

b)    Clarifying Podkulski's rights to future benefits under the terms of the plan;

b)    Awarding Podkulski her reasonable attorney's fee and the costs incurred in the instant action pursuant to 29 U.S.C. § 1132(g)(1);

c)    Granting such other and further legal and equitable relief as this Court deems just and proper.

                              Respectfully submitted,

                              /s/James T. Harrison

                              _____
                              James T. Harrison
                              Attorney for Plaintiff

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
Phone: (815) 338-7773
Fax: (815) 338-7738
Attorney No. 06207020