UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Eileen R. Podkulski, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08 C 50013 |
| | ) |
| Sara Lee Corporation and Sara Lee Corporation | ) |
| Employee Benefit Administrative Committee, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Eileen Podkulski, by and through her attorney, James T. Harrison, and for her Amended Complaint against the Defendants, Sara Lee Corporation and Sara Lee Corporation Employee Benefit Administrative Committee, states and alleges as follows:

### JURISDICTION

1. This Amended Complaint contains three counts which arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. The Court has original jurisdiction over all counts of the Complaint pursuant to 28 U.S.C. 1331, federal question jurisdiction. The Court also has jurisdiction over Count III pursuant to the Declaratory Judgment Act 28 U.S.C. §2201.

### VENUE

2. Venue for Plaintiffs' Complaint is proper in the United States District Court for the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. At all times relevant hereto, Plaintiff, Eileen Podkulski ("Podkulski") was an adult citizen of the United States and a resident of the City of Algonquin, County of McHenry, State of Illinois.

1

4.      At all times relevant hereto, the Defendant Sara Lee Corporation ("Sara Lee") was a foreign business corporation organized under the laws of the State of Maryland and doing business within the state of Illinois.

## FACTS

5.      At all times relevant hereto, the Defendant Sara Lee Corporation was an "employer" within the meaning of 29 U.S.C. §1002(5), and employed the Plaintiff Podkulski.

6.      At all times relevant hereto, Podkulski was an employee of the Defendant Sara Lee Corporation who had been on long-term disability status since July 20, 1998.

7.      At all times relevant hereto, Defendant Sara Lee provided an employee welfare benefit plan to its employees, including Podkulski, consisting of, *inter alia,* the provision of health insurance benefits.

8.      At all times relevant hereto, Podkulski was a participant in the health insurance benefits provided to employees of the Defendant Sara Lee Corporation.

9.      At all times relevant hereto, Podkulski was entitled to benefits under the Defendant Sara Lee Corporation's employee welfare benefit plan.

10.     At all times relevant hereto, the Defendant Sara Lee Corporation, through its Employee Benefits Administrative Committee, was the plan sponsor of the employee welfare benefit plan provided to its employees, including Podkulski.

11.     At all times relevant hereto, the Defendant Sara Lee Corporation, through its Employee Benefits Administrative Committee, was the administrator of the employee welfare benefit plan provided to its employees, including Podkulski.

12.     At all times relevant hereto, the Defendant Sara Lee Corporation's ~ Employee Benefits Administrative Committee ~ was acting directly as the Defendant Sara Lee Corporation or indirectly in the interest of the Defendant Sara Lee Corporation, in relation to the employee welfare benefit plan provided to Sara Lee Corporation's employees, including Podkulski.

13.     On or about 1984, Plaintiff became employed by the Defendant Sara Lee Corporation; as a benefit appurtenant to her employment, Plaintiff was eligible to participate and did participate in an employee welfare benefit plan (health insurance) provided by Sara Lee to its employees.

14.     Sara Lee's policies and its employee welfare benefit plan provided that health insurance benefits would continue while an employee was disabled.

15.     On or about July of 1998, Podkulski became disabled and was subsequently placed on long-term disability status by Sara Lee.

16.     At the time Podkulski became disabled, she was actively enrolled as a participant in Sara Lee's health insurance plan.

17.     Podkuslki continued to participate in and to receive benefits under the plan until January of 2003.

18.     On January 1, 2003, Podkulski's health insurance coverage was terminated by Sara Lee.

19.     Podkulski appealed the decision to terminate her health insurance benefits to the Sara Lee Appeals Committee.

20.     In October of 2004, the Sara Lee Appeals Committee reinstated Podkulski's health insurance coverage under Sara Lee's group health insurance plan and represented to Podkulski that her reinstated coverage would continue until Podkulski reached age sixty-five.

21.     On or about December 31, 2006, Podkulski's health insurance benefits under Sara Lee's employee welfare benefit plan were terminated by Sara Lee without prior notice to Podkulski.

22.     In January of 2007, Podkulski was notified by Sara Lee that that there had been a change in policy for employees on long-term disability and that Podkulski was being transferred to Ceridian, a COBRA continuation service, which would collect the premiums for employees on long-term disability, including Podkulski.

23.     Thereafter, Podkulski was required to meet COBRA eligibility requirements; other individuals enrolled in the plan were subjected to different rules for eligibility than Podkulski;

24.     Following her transfer to the COBRA continuation service, Podkulski experienced a lapse in coverage, delay in the receipt of benefits, and/or otherwise experienced a diminution in benefits.

25.     In February of 2007, Sara Lee, through CobraServ National Service Center, notified Podkulski that the qualifying event of "Lay Off" had occurred with regard to her employment, that her health insurance benefits had terminated on December 31, 2006, and that in order for Podkulski to be eligible for continued benefits she had until April 6, 2007 to elect coverage under COBRA; Sara Lee subsequently informed Podkulski that the qualifying event of "Lay Off" was predicated upon the fact that Podkulski is on long-term disability.

## COUNT I
## VIOLATION OF 29 U.S.C. § 1024(b)(4)
## AGAINST SARA LEE

26-50.  Podkulski repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as paragraphs 26 through 50 of Count I herein.

51.    29 U.S.C. § 1021(a)(1) provides in relevant part that:

> "The administrator of each employee benefit plan shall cause to be furnished in accordance with section 1024(b) of this title to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan – (1) a summary plan description described in section 1022(a)(1) of this title …"

52.    29 U.S.C. § 1024(b)(4) provides in relevant part as follows:

> "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, . . .or other instruments under which the plan is established or operated."

53.    On January 17, 2007, pursuant to 29 U.S.C. §1024(b)(4), Podkulski made a written request to Sara Lee for a copy of the latest updated summary plan description and for any other instruments under which the plan was established or operated, including original plan documents.

54.    Sara Lee did not respond to Podkulski's request for a summary plan description and did not furnish a copy of the latest updated summary plan description or any other information to Podkulski until March 14, 2008.

55.    As a direct and proximate result of Sara Lee's conduct, Plaintiff has suffered damages of a personal and pecuniary nature.

56.    Sara Lee's failure to provide Podkulski with the requested information constitutes a violation of 29 U.S.C. §1024(b)(4), and the Defendant Sara Lee is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights under E.R.I.S.A.

    WHEREFORE, Plaintiff Eileen Podkulski prays this Honorable Court grant judgment in her favor and against the Defendant Sara Lee Corporation, and to enter its Order as follows:

    a)    Imposing statutory damages against the Defendant Sara Lee pursuant to 29 U.S.C. § 1132(c)(1), in the amount of $100.00 per day of violation, from January 19, 2007, the date of the Defendant's failure to provide the requested documents, through March 14, 2008;

    b)    Awarding Podkulski her reasonable attorney's fee and the costs incurred in the instant action pursuant to 29 U.S.C. § 1132(g)(1);

    c)    Granting such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. § 1024(b)(4)
## AGAINST SARA LEE

57-81.  Podkulski repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as paragraphs 81 through 90 of Count II herein.

82.  29 U.S.C. § 1021(a)(1) provides in relevant part that:

> "The administrator of each employee benefit plan shall cause to be furnished in accordance with section 1024(b) of this title to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan – (1) a summary plan description described in section 1022(a)(1) of this title …"

83.  29 U.S.C. § 1024(b)(4) provides in relevant part as follows:

> "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, . . .or other instruments under which the plan is established or operated."

84.  On May 11, 2007, pursuant to 29 U.S.C. §1024(b)(4), Podkulski made a written request to Sara Lee for a copy of the latest updated summary plan description and for any other instruments under which the plan was established or operated, including original plan documents.

85.  Sara Lee did not respond to Podkulski's request for a summary plan description and did not furnish a copy of the latest updated summary plan description or any other information to Podkulski until March 14, 2008.

86.  As a direct and proximate result of Sara Lee's conduct, Plaintiff has suffered damages of a personal and pecuniary nature.

87.  Sara Lee's failure to provide Podkulski with the requested information constitutes a violation of 29 U.S.C. §1024(b)(4), and the Defendant Sara Lee is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights under E.R.I.S.A.

   WHEREFORE, Plaintiff Eileen Podkulski prays this Honorable Court grant judgment in her favor and against the Defendant Sara Lee Corporation, and to enter its Order as follows:

   a)   Imposing statutory damages against the Defendant Sara Lee pursuant to 29 U.S.C. § 1132(c)(1), in the amount of $100.00 per day of violation, from May 15, 2007, the date of the Defendant's failure to provide the requested documents, through the date of judgment;

b) Awarding Podkulski her reasonable attorney's fee and the costs incurred in the instant action pursuant to 29 U.S.C. § 1132(g)(1);

c) Granting such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
## DECLARATORY JUDGMENT
## 28 U.S.C. §2201 & 29 U.S.C. § 1132(a)(1)(B)
## AGAINST SARA LEE

88-113. Podkulski repeats and realleges paragraphs 1-25 of Plaintiff's Complaint as paragraphs 88 through 113 of Count IV herein.

114. 28 U.S.C. §2201 authorizes this Court to declare the rights and other legal relations of any interested party seeking declaration.

115. 29 U.S.C. §1132 provides that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

116. Defendant's "lay off" of the Plaintiff due to her disability status, Defendant's representation that Plaintiff's benefits under the plan were discontinued on December 31, 2006; Defendant's "transfer" of Plaintiff to Ceridian, a COBRA continuation service, and Defendant's requirement for Plaintiff to satisfy COBRA eligibility requirements in order to maintain coverage, have left Plaintiff unsure what her rights are to future benefits under the plan.

117. Defendant's 13-month failure to furnish the Plaintiff an updated summary plan description upon Plaintiff's written request left Plaintiff unsure what her rights were to current benefits under the plan.

118. The acts and/or omissions of the Defendant Sara Lee Corporation have caused an actual controversy to exist between the parties concerning Podkulski's rights to benefits under the terms of the plan.

119. A declaratory judgment is necessary to determine the benefits due to Podkulski under the terms of the plan and Podkulski's rights to future benefits under the terms of the plan.

WHEREFORE, Plaintiff Eileen Podkulski prays this Honorable Court grant judgment in her favor and against the Defendant Sara Lee Corporation, and to enter its Order:

a) Declaring the benefits due to Podkulski under the terms of the plan;

b)  Clarifying Podkulski's rights to future benefits under the terms of the plan;

c)  Awarding Podkulski her reasonable attorney's fee and the costs incurred in the instant action pursuant to 29 U.S.C. § 1132(g)(1);

d)  Granting such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

/s/James T. Harrison

_____
James T. Harrison
Attorney for Plaintiff

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
Phone: (815) 338-7773
Fax: (815) 338-7738
Attorney No. 06207020