IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| EILEEN R. PODKULSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-C-50013 |
| | ) |
| SARA LEE CORPORATION and | ) |
| SARA LEE CORPORATION EMPLOYEE | ) Judge Reinhard |
| BENEFIT ADMINISTRATION COMMITTEE, | ) |
| | ) Magistrate Judge Mahoney |
| Defendants. | ) |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Sara Lee Corporation ("Sara Lee") and the Sara Lee Corporation Employee Administration Committee ("EBAC") (collectively the "Sara Lee Defendants") assert the following Answer and Affirmative Defenses to Plaintiff Eileen R. Podkulski's ("Plaintiff" or "Podkulski") Amended Complaint.

### JURISDICTION

1.  This Amended Complaint contains three counts which arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Court has original jurisdiction over all counts of the Complaint pursuant to 28 U.S.C. 1331, federal question jurisdiction. The Court also has jurisdiction over Count Four pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201.

**ANSWER**: Sara Lee Defendants state that the allegations in paragraph 1 state legal conclusions requiring no answer.

### VENUE

2.  Venue for Plaintiffs' [sic] Complaint is proper in the United States District Court for the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. 1391(b).

**ANSWER**: Sara Lee Defendants state that the allegations in paragraph 2 state legal conclusions requiring no answer.

## PARTIES

3.     At all times relevant hereto, Plaintiff, Eileen Podkulski ("Podkulski") was an adult citizen of the United States and a resident of the City of Algonquin, County of McHenry, State of Illinois.

**ANSWER**: On information and belief, Sara Lee Defendants admit that Plaintiff is an adult citizen of the United States, a resident of the City of Algonquin and the State of Illinois. Sara Lee Defendants are without information or belief sufficient either to admit or deny whether Plaintiff is a resident of the County of McHenry.

4.     At all times relevant hereto, the Defendant Sara Lee Corporation ("Sara Lee") was a foreign business corporation organized under the laws of the State of Maryland and doing business within the State of Illinois.

**ANSWER**:  Sara Lee Defendants admit the allegations in paragraph 4.

## FACTS

5.     At all times relevant hereto, the Defendant Sara Lee Corporation was an "employer" within the meaning of 29 U.S.C. §1002(5), and employed the Plaintiff Podkulski.

**ANSWER:**   Sara Lee Defendants admit that Sara Lee qualifies as an "employer," as that term is defined by ERISA, and that Plaintiff worked for Sara Lee from August 27, 1984 through July 20, 1998.  Sara Lee Defendants deny the remaining allegations in paragraph 5.

6.     At all times relevant hereto, Podkulski was an employee of the Defendant Sara Lee Corporation who had been on long term disability status since July 20, 1998.

**ANSWER:**   Sara Lee Defendants admit that Podkulski was employed by Sara Lee, that her last day of work for Sara Lee was July 20, 1998 and that her initial disability date was January 16, 1999.  Sara Lee Defendants deny the remaining allegations in paragraph 6.

7.     At all times relevant hereto, Defendant Sara Lee provided an employee welfare benefit plan to its employees, including Podkulski, consisting of, *inter alia*, the provision of health insurance benefits.

**ANSWER:**   Sara Lee Defendants admit that it provides an employee welfare benefit plan to eligible participant-employees, which includes group health care coverage, and that

Podkulski is a participant in an employee welfare benefit plan sponsored by Sara Lee. Sara Lee Defendants deny the remaining allegations in Paragraph 7.

8. At all times relevant hereto, Podkulski was a participant in the health insurance benefits provided to employees of the Defendant Sara Lee Corporation.

**ANSWER**: Sara Lee Defendants admit that Podkulski is a participant in the group health care coverage provided under the Sara Lee Corporation Employee Health Benefit Plan (the "Plan"). Sara Lee Defendants deny the remaining allegations in paragraph 8.

9. At all times relevant hereto, Podkulski was entitled to benefits under the Defendant Sara Lee Corporation's employee welfare benefit plan.

**ANSWER**: Sara Lee Defendants admit that Plaintiff is eligible to receive benefits under some of its employee welfare benefit plans, including the Plan and the Sara Lee Corporation Long Term Disability Plan. Sara Lee Defendants deny the remaining allegations in paragraph 9.

10. At all times relevant hereto, the Defendant Sara Lee Corporation, through its Employee Benefits Administrative Committee, was the plan sponsor of the employee welfare benefit plan provided to its employees, including Podkulski.

**ANSWER**: Sara Lee Defendants admit that Sara Lee is the plan sponsor for various employee welfare benefit plans provided to eligible employees and former employees, including Plaintiff. Sara Lee Defendants deny the remaining allegations in paragraph 10.

11. At all times relevant hereto, the Defendant Sara Lee Corporation, through its Employee Benefits Administrative Committee, was the administrator of the employee welfare benefit plan provided to its employees, including Podkulski.

**ANSWER**: Sara Lee Defendants admit that Sara Lee is the Plan Administrator for the Plan and other employee welfare benefit plans available to eligible employees and former employees of Sara Lee, and admit that the EBAC has been delegated the authority to act as the Plan Administrator for certain of its employee welfare benefit plans, including the Plan. Sara Lee Defendants deny the remaining allegations in paragraph 11.

12.     At all times relevant hereto, the Defendant Sara Lee Corporation's – Employee Benefits Administrative Committee – was acting directly as the Defendant Sara Lee Corporation or indirectly in the interest of the Defendant Sara Lee Corporation, in relation to the employee welfare benefit plan provided to Sara Lee Corporation's employees, including Podkulski.

**ANSWER**: Sara Lee Defendants admit that Sara Lee is the Plan Administrator for the Plan and other employee welfare benefit plans available to eligible employees and former employees of Sara Lee, and admit that the EBAC has been delegated the authority to act as the Plan Administrator for certain of its employee welfare benefit plans, including the Plan. Sara Lee Defendants deny the remaining allegations in paragraph 12.

13.     On or about 1984 [sic.], Plaintiff became employed by the Defendant Sara Lee Corporation; [sic.] as a benefit appurtenant to her employment, Plaintiff was eligible to participate in an employee welfare benefit plan (health insurance) provided by Sara Lee to its employees.

**ANSWER**: Sara Lee Defendants admit that Plaintiff became employed by Sara Lee in 1984 and that she was a participant in the Plan by virtue of her employment. Sara Lee Defendants deny the remaining allegations in paragraph 13.

14.     Sara Lee's policies and its employee welfare benefit plan provided that health insurance benefits would continue while an employee was disabled.

**ANSWER:** Sara Lee Defendants admit that employees and former employees covered by its long term disability benefit plans may be permitted to retain eligibility for health care benefits under the Plan. Sara Lee Defendants deny the remaining allegations in paragraph 14.

15.     On or about July of 1998 [sic.], Podkulski became disabled and was subsequently placed on long-term disability status by Sara Lee.

**ANSWER:** Sara Lee Defendants admit that Plaintiff last worked for Sara Lee on or about July 20, 1998, and that her initial disability date for purposes of receiving long-term disability benefits was January 16, 1999. Sara Lee Defendants deny the remaining allegations in paragraph 15.

16.     At the time Podkulski became disabled, she was actively enrolled as a participant in Sara Lee's health insurance plan.

**ANSWER:**  Sara Lee Defendants admit that on or about January 16, 1999, Plaintiff was an eligible participant in the Plan.  Sara Lee Defendants deny any remaining allegations in paragraph 16.

17.     Podkulski continued to participate in and to receive benefits under the plan until January of 2003.

**ANSWER:** Sara Lee Defendants admit the allegations in paragraph 17.

18.     On January 1, 2003, Podkulski's health insurance coverage was terminated by Sara Lee.

**ANSWER:** Sara Lee Defendants admit that Plaintiff's participation in the Plan was initially terminated on or about January 1, 2003, but state that such coverage was subsequently reinstated.  Sara Lee Defendants deny the remaining allegations in paragraph 18.

19.     Podkulski appealed the decision to terminate her health insurance benefits to the Sara Lee Appeals Committee.

**ANSWER:** Sara Lee Defendants admit that Podkulski appealed the initial decision to terminate her health insurance benefits to the Sara Lee Corporation ERISA Appeals Committee (the "Appeals Committee").  Sara Lee Defendants deny the remaining allegations in paragraph 19.

20.     In October of 2004, the Sara Lee Appeals Committee reinstated Podkulski's health insurance coverage under Sara Lee's group health insurance plan and represented to Podkulski that her reinstated coverage would continue until Podkulski reached age sixty-five.

**ANSWER:** Sara Lee Defendants admit that in October 2004, the Committee reinstated Plaintiff's group health care coverage under the Plan and represented to her that such coverage would continue until the earlier of (i) the date she reached age 65 or (ii) the date she no longer qualified as being totally and permanently disabled under the Sara Lee Corporation Long Term Disability Plan.  Sara Lee Defendants deny the remaining allegations in paragraph 20.

21.     On or about December 31, 2006, Podkulski's health insurance benefits under Sara Lee's employee welfare benefit plan were terminated by Sara Lee without notice to Podkulski.

**ANSWER:** Sara Lee Defendants deny the allegations in paragraph 21.

22.     In January of 2007, Podkulski was notified by Sara Lee that that [sic.] there had been a change in policy for employees on long-term disability and that all long-term disability employees were being transferred to Ceridian, a COBRA continuation service, which would collect the premiums for employees on long-term disability, including Podkulski.

**ANSWER:** Sara Lee Defendants admit that in January 2007, Podkulski was notified by Sara Lee that her premium payments for health care coverage under the Plan should be made to Ceridian, which is a third party administrator retained by Sara Lee to perform certain services to the Plan. Sara Lee Defendants deny the remaining allegations in paragraph 22.

23.     Thereafter, Podkulski was required to meet COBRA eligibility requirements; other individuals enrolled in the plan were subjected to different rules for eligibility than Podkulski.

**ANSWER:** Sara Lee Defendants deny the allegations in paragraph 23.

24.     Following her transfer to the COBRA continuation service, Podkulski experienced a lapse in coverage, delay in the receipt of benefits, and/or otherwise experienced a diminution in benefits.

**ANSWER:** Sara Lee Defendants deny the allegations in paragraph 24.

25.     In February of 2007, Sara Lee, through CobraServ National Service Center, notified Podkulski that the qualifying event of "Lay Off" had occurred with regard to her employment, that her health insurance benefits had terminated on December 31, 2006, and that in order for Podkulski to be eligible for continued benefits she had until April 6, 2007 to elect coverage under COBRA. Sara Lee subsequently informed Podkulski that the qualifying event of "Lay Off" was predicated upon the fact that Podkulski is on long-term disability.

**ANSWER:** Sara Lee Defendants admit that Podkulski was notified by Sara Lee that her premium payments for health care coverage under the Plan should be made to Ceridian, which is a third party administrator retained by Sara Lee to perform certain services to the Plan. Sara Lee Defendants deny the remaining allegations in paragraph 25. Further answering, Sara Lee

Defendants further state that the February 2007 communication to Plaintiff was sent in error and was subsequently corrected so that Podkulski did not suffer any loss of coverage under the Plan.

**COUNT I – VIOLATION OF 29 U.S.C. § 1024(b)(4) AGAINST SARA LEE**

26-50. Podkulski repeats and realleges paragraphs 1-25 of Plaintiff's Amended Complaint as paragraphs 26 through 50 of Count II herein

**ANSWER**: Sara Lee Defendants repeat their answers to paragraphs 1 through 25 as set forth above as their answers to paragraphs 26 through 50 of Count I.

51. 29 U.S.C. § 1021(a)(1) provides in relevant part that:

> The administrator of each benefit plan shall cause to be furnished in accordance with section 1024(b) of this title to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan – (1) a summary plan description described in section 1022(a)(1) of this title . . . .

**ANSWER**: Sara Lee Defendants state that the allegations in paragraph 51 state legal conclusions requiring no answer.

52. 29 U.S.C. § 1024(b)(4) provides in relevant part as follows:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, . . . or other instruments under which the plan is established or operated.

**ANSWER**: Sara Lee Defendants state that the allegations in paragraph 52 state legal conclusions requiring no answer.

53. On January 17, 2007, pursuant to 29 U.S.C. § 1024(b), Podkulski made a written request to Sara Lee for a copy of the latest updated summary plan description and for any other instruments under which the plan was established or operated, including the original plan documents.

**ANSWER**: Sara Lee Defendants lack information or knowledge sufficient either to admit or deny the allegations in paragraph 53.

54. Sara Lee did not respond to Podkulski's request for a summary plan description and did not furnish a copy of the latest updated summary plan description or any other information to Podkulski until March 14, 2008.

**ANSWER**: Sara Lee Defendants admit that a copy of the Plan's summary plan description and governing plan document were provided to Plaintiff on or about March 13, 2008. Sara Lee Defendants deny the remaining allegations in Paragraph 54.

55     As a direct and proximate result of Sara Lee's conduct, Plaintiff has suffered damages of a personal and pecuniary nature.

**ANSWER**: Sara Lee Defendants deny the allegations in Paragraph 55.

56.     Sara Lee's failure to provide Podkulski with the requested information constitutes a violation of 29 U.S.C. § 1024(b)(4), and the Defendant Sara Lee is liable to the plaintiff for civil relief and other damages for the violation of Plaintiff's rights under ERISA.

**ANSWER**: Sara Lee Defendants deny the allegations in Paragraph 56.

**COUNT II – VIOLATION OF 29 U.S.C. § 1024(b)(4) AGAINST SARA LEE**

57-81.     Podkulski repeats and realleges paragraphs 1-25 of Plaintiff's Amended Complaint as paragraphs 81 through 90 of Count II [sic.] herein

**ANSWER**: Sara Lee Defendants repeat their answers to paragraphs 1 through 25 as set forth above as their answers to paragraphs 57 through 81 of Count II herein.

82.     29 U.S.C. § 1021(a)(1) provides in relevant part that:

> The administrator of each benefit plan shall cause to be furnished in accordance with section 1024(b) of this title to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan – (1) a summary plan description described in section 1022(a)(1) of this title . . . .

**ANSWER**: Sara Lee Defendants state that the allegations in paragraph 82 state legal conclusions requiring no answer.

83.     29 U.S.C. § 1024(b)(4) provides in relevant part as follows:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, . . . or other instruments under which the plan is established or operated.

**ANSWER**: Sara Lee Defendants state that the allegations in paragraph 83 state legal conclusions requiring no answer.

84. On May 11, 2007, pursuant to 29 U.S.C. § 1024(b), Podkulski made a written request to Sara Lee for a copy of the latest updated summary plan description and for any other instruments under which the plan was established or operated, including the original plan documents.

**ANSWER**: Sara Lee Defendants lack information or knowledge sufficient either to admit or deny the allegations in paragraph 84.

85. Sara Lee did not respond to Podkulski's request for a summary plan description and did not furnish a copy of the latest updated summary plan description or any other information to Podkulski until March 14, 2008.

**ANSWER**: Sara Lee Defendants admit that a copy of the Plan's summary plan description and governing plan document were provided to Plaintiff on or about March 13, 2008. Sara Lee Defendants deny the remaining allegations in paragraph 85.

86. As a direct and proximate result of Sara Lee's conduct, Plaintiff has suffered damages of a personal and pecuniary nature.

**ANSWER**: Sara Lee Defendants deny the allegations in Paragraph 86.

87. Sara Lee's failure to provide Podkulski with the requested information constitutes a violation of 29 U.S.C. § 1024(b)(4), and the Defendant Sara Lee is liable to the plaintiff for civil relief and other damages for the violation of Plaintiff's rights under ERISA.

**ANSWER**: Sara Lee Defendants deny the allegations in Paragraph 87.

### COUNT III – DECLARATORY JUDGMENT
### 29 U.S.C. § 1024(b)(4) AGAINST SARA LEE

88-113. Podkulski repeats and realleges paragraphs 1-25 of Plaintiff's Amended Complaint as paragraphs 88 through 113 of Count IV herein

**ANSWER**: Sara Lee Defendants repeat their answers to paragraphs 1 through 25 as set forth above as their answers to paragraphs 88 through 113 of Count III.

114. 28 U.S.C. § 2201 allows this Court to declare the rights and other legal relations of any interested party seeking a declaration.

**ANSWER**: Sara Lee Defendants state that the allegations in paragraph 114 state a legal conclusion requiring no answer.

115.  29 U.S.C. § 1132 provides that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

**ANSWER**:  Sara Lee Defendants state that the allegations in paragraph 115 state a legal conclusion requiring no answer.

116.  Defendant's "lay off" of the Plaintiff because of her disability status, Defendant's representation that Plaintiff's benefits under the Plan were discontinued on December 31, 2006; Defendant's "transfer" of Plaintiff to Ceridian, a COBRA continuation service, and Defendant's requirement for Plaintiff to satisfy COBRA eligibility requirements in order to maintain coverage, have left Plaintiff unsure what her rights are to future benefits under the plan.

**ANSWER**:  Sara Lee Defendants deny the allegations in paragraph 116.

117.  Defendant's 13-month failure to furnish the Plaintiff [sic.] an updated summary plan description upon Plaintiff's written request has left Plaintiff unsure what her rights are to current benefits under the plan.

**ANSWER**:  Sara Lee Defendants deny the allegations in paragraph 117.

118.  The acts and/or omissions of the Defendant Sara Lee Corporation has caused an actual controversy to exist between the parties concerning the benefits due to Podkulski under the terms of the plan and Podkulski's rights to future benefits under the plan.

**ANSWER:**  Sara Lee Defendants deny the allegations in paragraph 118.

119.  A declaratory judgment is necessary to determine the benefits due to Podkulski under the terms of the plan and Podkulski's rights to future benefits under the terms of the plan.

**ANSWER**:  Sara Lee Defendants deny the allegations in paragraph 119.

## **AFFIRMATIVE DEFENSES**

Sara Lee Defendants allege the following affirmative defenses:

1.  Sara Lee Defendants did not cause Plaintiff to suffer any loss of benefits or damages due under the Plan's terms.

2.  To the extent any of Plaintiff's claims are pled under ERISA Sections 502(a)(1)(B) or 502(a)(3), Plaintiff's claims are not ripe for adjudication because she has failed to exhaust her available administrative remedies under the Plan prior to filing suit.

3. Plaintiff is not entitled to recover compensatory damages under ERISA.

4. Plaintiff lacks a jurisdictional basis for her claim under the Declaratory Judgment Act.

5. Plaintiff has not been prejudiced by any alleged failure to receive the summary plan description requested from the Plan and the Sara Lee Defendants did not act in bad faith in responding to any alleged request for plan documents by Plaintiff.

    Respectfully submitted,

By: /s/ Michael T. Graham_____
Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
Phone: 312.372.2000
Fax:     312.984.7700
Email: mgraham@mwe.com


ATTORNEYS FOR
DEFENDANTS SARA LEE CORPORATION and
SARA LEE CORPORATION EMPLOYEE
BENEFITS ADMINISTRATIVE COMMITTEE

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 2, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    James T. Harrison
    Harrison Law Offices, P.C.
    jharrison@harrisonlawoffices.com

                                       /s Michael T. Graham
                                       Michael T. Graham

CHI99 4974686-2.029636.0191